IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA <br> *ex rel.* VICKY WHITE, <br><br> Plaintiff-Relator, <br> v. <br><br> GENTIVA HEALTH SERVICES, INC. <br><br> Defendant. | Civil Action No. 3:10-cv-00394 <br><br> Judge Thomas A. Varlan <br> Magistrate Judge C. Clifford Shirley |

## GENTIVA HEALTH SERVICES, INC.'S MOTION TO DISMISS

Defendant Gentiva Health Services, Inc. ("Gentiva"), files this motion to dismiss the Complaint filed by Plaintiff-Relator Vicky White ("Ms. White").[1] Ms. White alleges that Gentiva violated 31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), and 3729(a)(1)(G) of the False Claims Act ("FCA") by providing and marketing medically unnecessary home health services to patients served by Gentiva's McMinnville and Tullahoma, Tennessee, home health agencies. Ms. White also alleges that Gentiva retaliated against her and ultimately terminated her as a result of her whistleblowing activity in violation of § 3730(h) of the FCA and the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, and also asserts a claim of wrongful termination under common law. Ms. White's Complaint fails to state a claim as a matter of law under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure and dismissal is required pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] On July 30, 2013, Gentiva filed a Motion for Extension of Time to File Answer or Motion Under Fed. R. Civ. P. 12 ("Motion for Extension"). (Dkt. No. 32.) The Motion for Extension sought a schedule for the filing of an answer or responsive motion of September 6, 2013, for the filing of an answer or responsive motion, October 4, 2013, for the filing of any opposition to Gentiva's responsive motion, and November 4, 2013, for the filing of any reply in support of Gentiva's responsive motion. The Motion for Extension remains pending.

First, Ms. White's Complaint must be dismissed under the FCA's public disclosure bar. Ms. White substantially bases her FCA claims on allegations that were already in the public domain regarding Gentiva at the time she filed her Complaint. In fact, Ms. White's allegations mirror matters under investigation by the government and detailed in the media four months prior to the filing of this action. Her Complaint is premised upon exactly the type of parasitic allegations that cannot form the basis of an FCA claim under the FCA's public disclosure bar. Because the information on which Ms. White bases her allegations was in the public domain and does not add materially to information in the possession of the government well before she filed her Complaint, Ms. White is not an original source of that information and her claims are barred as a matter of law. Because she cannot cure these defects, such dismissal under the FCA's public disclosure bar should be with prejudice.

Second, Ms. White's Complaint also fails to plead her FCA claims with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Ms. White's FCA claims are based on the assertion that Gentiva engaged in five fraudulent schemes to provide and/or market unnecessary home health services. The particularity demanded by Rule 9(b) requires Ms. White to identify actual claims with respect to each of the fraudulent schemes at issue in her Complaint, and obligates her to plead the specifics of each of those fraudulent schemes. Her Complaint fails to include such allegations, and therefore, fails as a matter of law.

Third, Ms. White also bases her claims, in significant part, on the allegation that Gentiva violated conditions of participation in federal healthcare programs. The Sixth Circuit has made clear, however, that such violations are immaterial to the government's decision to pay claims for reimbursement, and therefore, cannot provide a basis for pleading a violation of the FCA.

2

Case 3:10-cv-00394-PLR-CCS   Document 33   Filed 09/06/13   Page 2 of 4   PageID #: 315

Finally, Ms. White's claims that she was terminated as a result of engaging in protected activities under the FCA and state law likewise fail as a matter of law.  Ms. White has failed to plead that she was discharged solely for engaging in protected activity and therefore, her claims under § 3730(h) and the TPPA must be dismissed as a matter of law.  And, her common law claim must be dismissed as it is preempted by federal law.

In support of this motion, Gentiva is filing a memorandum of law and the Declaration of Matthew M. Curley and respectfully requests that the Court dismiss the claims asserted in Ms. White's Complaint as a matter of law.

Respectfully submitted:

BASS BERRY & SIMS PLC

/s/ Matthew M. Curley
Matthew M. Curley
Brian D. Roark
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201-3001
Telephone: (615) 742-6200
mcurley@bassberry.com
broark@bassberry.com

*Attorneys for Defendant*
*Gentiva Health Services, Inc.*

## CERTIFICATE OF SERVICE

      This is to certify that I have caused a copy of the foregoing to be filed electronically on this 6th day of September 2013. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and below. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Elizabeth S. Tonkin
A. William Mackie
Robert C McConkey, III
Assistant United States Attorneys
UNITED STATES ATTORNEY'S OFFICE
FOR THE EASTERN DISTRICT OF TENNESSEE
800 Market Street, Suite 211
Knoxville, TN 37902

David J. Chizewer
Michael L. Sullivan
Matthew K. Organ
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603

R. Louis Crossley, Jr.
LONG RAGSDALE & WATERS, P.C.
1111 Northshore Drive
Suite S-700
Knoxville, Tennessee 37919

                                              /s/ Matthew M. Curley

12331579.1

4

Case 3:10-cv-00394-PLR-CCS   Document 33   Filed 09/06/13   Page 4 of 4   PageID #: 317