UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-394-PLR-CCS |
| ) | |
| GENTIVA HEALTH SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel and to Extend the Deadline for Filing Motions to Compel [Doc. 77], filed by Relator Vicky White ("White"). The parties appeared before the Court on July 14, 2015, to present oral arguments on this motion and to address certain discovery issues in this case. Having considered the parties' positions and the procedural posture of this case, the Court finds that the Motion to Compel and to Extend the Deadline for Filing Motions to Compel is well-taken, in part, and it is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

In this action, White alleges that Gentiva Health Services, Inc., ("Gentiva"), violated the False Claims Act ("FCA") by engaging in a scheme to fraudulently bill Medicare for psychiatric home health services in the Middle Tennessee/Southern Kentucky region in which White was

employed.  White alleges that Gentiva kept psychiatric patients on its rolls for years, and continued to collect Medicare funding for those patients, even though it knew that they did not need home health services.  During the period that White was employed by Gentiva, she worked at the office in McMinnville, Tennessee, and occasionally visited another Gentiva facility in Tullahoma, Tennessee.

On June 25, 2014, the District Judge entered a Memorandum Opinion and Order limiting the scope of this action to the claim identified above.  White has filed a Motion for Leave to File Amended and Restated Complaint [Doc. 70], in which White moves the Court to grant her leave to modify her Complaint to name the proper corporate entities as defendants in this case.  On the other hand, Gentiva has filed a Motion for Summary Judgment arguing that the particular corporate entity named as the defendant in this action does not actually bill for home health services and had no role in the alleged violations of the FCA.  Additionally, White has filed a Motion Pursuant to Rule 56(d) to Deny or Defer Ruing on Gentiva Health Services, Inc.'s Motion for Summary Judgment.  These motions are pending disposition.

## II. POSITIONS OF THE PARTIES

White moves the Court to order Gentiva to produce discovery related to its Middle Tennessee and Southern Kentucky offices supervised by Deana Murphy, an area supervisor who White alleges actively participated in the scheme.  Specifically, White moves the Court to order Gentiva to supplement its responses to First Interrogatory Set Nos. 3-8, 10, 11, 15-17; Second Interrogatory Set, No. 2; and Second Set of Document Requests Nos. 1-7.  White also moves the Court to require Gentiva to restore and search emails.  White also moves the Court for an extension of the time for filing motions to compel.

Gentiva responds [Doc. 87] that the District Judge limited the scope of discovery through the ruling on the Motion to Dismiss and alleges that White is now trying to improperly expand the scope of discovery. It suggests that discovery be limited to the McMinnville facility in 2009 and 2010 and to an audit conducted at that location during that period. Gentiva contends that White cannot demonstrate that Gentiva played a role in the alleged FCA violations and that, as a result, it should not be required to produce this discovery. Additionally, Gentiva argues that it has already spent a substantial amount of resources attempting to fulfill its discovery obligations in this case. Gentiva argues that White has delayed bringing these issues to the Court's attention and the motion to compel deadline should not be extended.

White replies [Doc. 90] that there is no basis for limiting discovery to the McMinnville facility and patients identified in a single audit, as Gentiva has suggested. White maintains that the corporate parent defense should not limit discovery, and she contends that the requested discovery is targeted and reasonable.

### III. ANALYSIS

The Court has considered each of the party's positions, and the Court finds and orders as follows:

1. **First Set of Interrogatories**
    a. <u>Interrogatory Nos. 3, 4</u>: Gentiva shall answer both of these questions with reference to "psychiatric patients" or "patients with psychiatric diagnosis" discharged or serviced by Gentiva between October 1, 2009, and March 31, 2010, in addition to the 51 patients at the McMinnville office that were previously identified.

3

b. <u>Interrogatory No. 5</u>: Gentiva shall answer this question with reference to all offices or braches at which Deana Murphy had job duties.

c. <u>Interrgatory No. 6</u>: Gentiva shall answer this question with reference to all "psychiatric patients" or "patients with psychiatric diagnosis" at the McMinnville, Tullahoma, Nashville, or Lebanon offices/branches between January 1, 2009, and June 30, 2010.

d. <u>Interrogatory No. 7</u>: Gentiva shall answer this question with reference to all complaints made by employees, patients, or patient family members at the McMinnville, Tullahoma, Nashville, or Lebanon offices/branches between January 1, 2009, and June 30, 2010.

e. <u>Interrogatory No. 8</u>: Gentiva shall answer this question with reference to any employees at the McMinnville, Tullahoma, Nashville, or Lebanon offices/branches between January 1, 2009, and December 31, 2010 including answering regarding all warnings and discipline in connection with the certification or recertification of "psychiatric patients" or "patients with psychiatric diagnosis" for home health services, submissions of claims to the Government, or the falsification of patient charts.

f. <u>Interrogatory No. 16</u>: Gentiva shall answer this question with reference to any person who held the listed positions in the Tullahoma office/branch from January 1, 2008, through the date of White's termination.

g. <u>Interrogatory No. 17</u>: Gentiva shall answer this question with reference to any employees or groups of employees at the McMinnville, Tullahoma, Nashville, or Lebanon braches/offices.

2. **Second Set of Interrogatories**

   a. <u>Interrogatory No. 2</u>: Gentiva shall answer this question with reference to any "psychiatric patients" or "patients with psychiatric diagnosis" discharged from the McMinnville office/branch from October 1, 2009, to March 31, 2010.

3. **Second Set of Document Requests**

   a. <u>Request No. 1(b)</u>: Gentiva shall respond to this request with reference to any "psychiatric patients" or "patients with psychiatric diagnosis" who received services from the Lebanon, Nashville, or Tullahoma branches/offices.

   b. <u>Request No. 2</u>: Gentiva shall respond to this request with reference to persons at the Lebanon, Nashville, or Tullahoma branches/offices.

   c. <u>Request No. 6</u>: Gentiva shall respond to this request with reference to complaints made at the Lebanon, Nashville, or Tullahoma branches/offices.

   d. <u>Request No. 7</u>: Gentiva shall respond to this request with reference to documents from the McMinnville branch/office. If no such documents exist, Gentiva shall state whether there were any documents relating to the audit that took place in September or October 2009 and fully explain why no documents relating to this audit exist or can be found. Gentiva shall also respond to this request with reference to documents at the Tullahoma, Nashville, and Lebanon branches/offices.

4. **First Set of Document Requests**

   a. <u>Request Nos. 1, 2, 4, 11</u>: To the extent Gentiva claims any protection pursuant to the attorney-client privilege, the work-product doctrine, or other privilege, Gentiva must produce a full and complete privilege log as soon as practicable.

b. <u>Request No. 8</u>: Gentiva shall produce all documents relating to communications between Gentiva and the U.S. Government relating to: (a) overpayments, inappropriate payments, or payments returned by Gentiva to the Government for "psychiatric patients" or "patients with psychiatric diagnosis" who were ineligible for home health services, (b) from January 1, 2009, to December 31, 2010, (c) relating to the McMinnville, Tullahoma, Nashville, and Lebanon branches/offices.

c. <u>Request No. 14</u>: Gentiva shall also respond to this request with reference to documents at the McMinnville, Tullahoma, Nashville, and Lebanon branches/offices from January 1, 2009 to December 31, 2010.

5. **Additional Rulings**

   a. Gentiva shall supplement and fully answer or make specific objections to the discovery. As stated in the hearing, the Court does not consider general and unsubstantiated objections based upon undue burden to be sufficient, nor does the Court consider Gentiva's objection asserting that the Court limited the scope of discovery through the Memorandum Opinion and Order entered on June 25, 2014, to be sufficient.

   b. The Court finds that it is not appropriate to award fees, costs, or other monetary sanctions at this time. <u>See</u> Fed. R. Civ. P. 37(a)(5)(C).

   c. Gentiva shall supplement its responses on or before **September 18, 2015**.

   d. White's requests for further discovery that are not addressed herein are reserved at this time. After Gentiva supplements, in light of this Memorandum and Order, Plaintiff may renew such specific requests on or before **September 25, 2015**.

White shall only renew her requests if they are relevant and appropriate for consideration under Rule 26 and Rule 37 of the Federal Rules of Civil Procedure.

e. The undersigned **GRANTS** the request for an extension of the deadline for filing motions to compel, only with regard to Defendant Gentiva Health Services, Inc., until **thirty days** after ruling on White's Motion for Leave File Amended and Restated Complaint [Doc. 70].

f. Finally, the undersigned **RECOMMENDS** that the District Judge consider delaying ruling on the Motion for Summary Judgment [Doc. 72] until after **October 2, 2015,** to allow White to obtain additional discovery and to allow the parties to engage in settlement discussions.

## IV. CONCLUSION

Accordingly, the Motion to Compel and to Extend the Deadline for Filing Motions to Compel **[Doc. 77]** is **GRANTED IN PART** and **DENIED IN PART**, to the extent stated above.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge