IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* VICKY WHITE, | ) ) ) ) Civil Action No. 3:10-cv-00394 |
| Plaintiff-Relator, | ) ) |
| v. | ) Judge Pamela L. Reeves ) Magistrate Judge C. Clifford Shirley |
| GENTIVA HEALTH SERVICES, INC. | ) ) |
| Defendant. | ) ) ) |

**GENTIVA HEALTH SERVICES, INC.'S MOTION TO STAY
MAGISTRATE JUDGE'S ORDER AND MEMORANDUM IN SUPPORT**

Defendant Gentiva Health Services, Inc. ("Gentiva") files this Motion and Memorandum to Stay the Magistrate Judge's July 27, 2015, Order (Dkt. No. 96) ("Order") pending the Court's consideration of Gentiva's objection to and appeal of that Order ("Objection and Appeal").

**BACKGROUND**

Gentiva's Objection and Appeal of the Magistrate Judge's Order seeks review of an Order that would open the floodgates of discovery to matters well beyond the well-pleaded allegations determined by this Court to have survived dismissal under Rule 9(b) of the Federal Rules of Civil Procedure. As this Court recognized in its Memorandum Opinion and Order ("Memorandum Opinion"), Relator's surviving fraud claim under the FCA involved allegations regarding the Gentiva-affiliated home health agency operating in McMinnville, Tennessee (the "McMinnville Branch"), centered on the McMinnville Branch's discharge of 50 patients with psychiatric diagnoses ("Discharged Patients") after an audit, and Relator's employment as director of the McMinnville Branch and her subsequent termination. (Mem. Op. at 24-25 (Dkt. No. 52).) For Rule 9(b) to have any purpose and effect, it necessarily follows that discovery

should be tailored to the claims that survived scrutiny under Rule 9(b) and not unmoored entirely from those claims.

Notwithstanding the Court's Memorandum Opinion and the gatekeeping function of Rule 9(b), the Magistrate Judge's Order would allow discovery at other Gentiva-affiliated home health agencies, including home health agencies in Tullahoma, Lebanon, and Nashville, and other patients with psychiatric diagnoses beyond the Discharged Patients. It would do so in the absence of any facts whatsoever regarding any misconduct occurring at those agencies or with respect to such other patients. And, it would do so in the absence of any facts linking Gentiva to those other agencies or such patients beyond its corporate relationship with those agencies.

Gentiva respectfully submits that the Magistrate Judge's Order is clearly erroneous and contrary to law and should be reversed and requests that a stay pending consideration of Gentiva's Objection and Appeal be entered. Gentiva already has produced substantial discovery regarding the McMinnville Branch and the Discharged Patients, including over 21,000 pages of medical records regarding the Discharged Patients. To avoid the expense and prejudice associated with discovery regarding additional home health agencies and additional patients ordered by the Magistrate Judge, a stay of the Order is necessary until such time as the Court has had an opportunity to consider Gentiva's Objection and Appeal.

## **RELEVANT PROCEDURAL HISTORY**

On June 15, 2015, Relator filed her Motion to Compel and to Extend the Deadline for Filings Motions to Compel. (Dkt. No. 77.) Relator's Motion to Compel followed Relator's Motion for Leave to Amend Her Complaint (Dkt. No. 70), which was filed on May 15, 2015, and which seeks leave to add three new parties to this action. It likewise followed Gentiva's Motion for Summary Judgment (Dkt. No. 72), which was filed on May 29, 2015, and which seeks entry

2

of judgment in favor of Gentiva based on the undisputed facts that Gentiva did not operate the McMinnville Branch, did not bill for services provided to the Discharged Patients, and did not employ Relator or any other individuals alleged to have engaged in misconduct in Relator's Complaint. Rather than responding to Gentiva's Motion for Summary Judgment, Relator sought relief under Rule 56(d) of the Federal Rules of Civil Procedure (Dkt. No. 78), and has requested that the Court stay consideration of Gentiva's Motion for Summary Judgment until Relator can conduct additional discovery. With the exception of Relator's Motion to Compel, the previous motions remain pending.

On July 22, 2015, the parties filed a Joint Motion for 45-Day Stay of Discovery Proceedings and Status Hearing ("Joint Motion"). (Dkt. No. 95.) The parties' Joint Motion sought a 45-day stay of discovery to allow for the parties to conduct settlement negotiations. The parties also sought a status hearing after the proposed stay period. The parties' Joint Motion did not request that the Court refrain from ruling on any of the pending motions discussed above.

On July 27, 2015, the Magistrate Judge entered the Order granting, in part, and denying, in part, Relator's Motion to Compel. The Order requires Gentiva to supplement its discovery responses by September 18, 2015, and, in general terms, to produce discovery regarding Gentiva-affiliated home health agencies beyond the McMinnville Branch and patients with psychiatric diagnoses other than the Discharged Patients. The Order also granted Relator's request to extend the deadline for filing motions to compel until thirty days after the Court rules on Relator's Motion for Leave to Amend. Finally, the Order recommends that the Court consider delaying its ruling on Gentiva's Motion for Summary Judgment until after October 2, 2015, to allow Relator "to obtain additional discovery and to allow the parties to engage in settlement discussions." (Order at 7.)

3

Case 3:10-cv-00394-PLR-CCS   Document 100   Filed 08/10/15   Page 3 of 7   PageID #: 2657

## ARGUMENT

This Court has broad authority to address discovery issues in the instant action. *See Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). As a consequence, this authority includes the authority to stay the effect of a discovery order pending consideration of a party's objection and appeal from that order, particularly where there is substantial grounds to believe that the previous discovery order is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a) (setting forth standard of review regarding a Magistrate Judge's order).

Gentiva has exercised its right under Rule 72(a) to seek consideration of its Objection and Appeal of the Magistrate Judge's Order. A stay of that Order to allow the Court to consider Gentiva's Objection and Appeal is appropriate, as Gentiva respectfully submits that there is a substantial likelihood that the Order is clearly erroneous and contrary to law.[1] Discovery related to home health services provided to patients with psychiatric diagnoses in Tullahoma, Nashville, and/or Lebanon would have no bearing on Relator's claims regarding the McMinnville Branch or the Discharged Patients. Neither Relator, nor the Magistrate Judge's Order identifies any facts regarding any wrongdoing at the home health agencies at those locations. And, neither Relator, nor the Magistrate Judge's Order identifies any nexus between Gentiva and the home health agencies operating in those locations other than the corporate parent-subsidiary relationship between Gentiva and its affiliates operating those agencies. Absent a stay of the Order until the

---

[1] As set forth above, the Magistrate Judge has stayed the effect of the Order until September 11, 2015, and has ordered Gentiva "to fully respond and amend its answers to written discovery on or before September 18, 2015," so that the parties may engage in further settlement discussions. (Memorandum and Order at 2.) The stay presently sought by Gentiva is necessary, as the filing of Gentiva's Objection and Appeal does not automatically stay the effect of the Order. As such, it is uncertain whether the Court will consider Gentiva's Objection and Appeal by September 11, 2015, and, as a practical matter, Gentiva would need to begin compiling the discovery at issue in the Order well before September 11, 2015, in order to comply with the Order.

4

Court has considered Gentiva's Objection and Appeal, Gentiva would be subjected to the prejudice of compiling discovery that far exceeds the bounds of the claims remaining in this action.[2]

A stay of the Order also would be appropriate given the fact that Gentiva filed a fully dispositive Motion for Summary Judgment prior to Relator's filing her Motion to Compel and the discovery at issue in the Order would have no bearing on the outcome of Gentiva's Motion for Summary Judgment. None of the discovery at issue in the order would change the fact that Gentiva did not operate the McMinnville Branch, did not provide home health services to the Discharged Patients, did not bill for those services, and did not employ Relator or any of the individuals alleged to have engaged in misconduct in Relator's Complaint. In light of the foregoing, a stay of the Order is warranted and would not prejudice Relator. *See e.g. Hahn v. Star Bank*, 190 F.3d 708, 720 (6th Cir. 1999) (holding that "substantial prejudice" did not result from the district court's decision to stay discovery pending resolution of a dispositive motion because the information plaintiffs sought "would not have salvaged their claims"); *see also Cochran v. United Parcel Serv., Inc.,* 137 F. App'x 768, 773 (6th Cir. 2005) (holding that the plaintiff was not prejudiced by denial of discovery prior to its ruling on the summary judgment motion since further discovery would not have aided her in proving her claim); *Good v. Ohio Edison Co*., 149 F.3d 413, 422-23 (6th Cir. 1998) (affirming the district court's denial of plaintiff's motion requesting additional discovery prior to granting motion for summary judgment

---

[2] There are numerous examples of instances where a district court has entered a stay pending consideration of a parties' objection to a ruling by a Magistrate Judge. *See, e.g., Nathan v. Ohio State University*, 2:10-cv-00872 (S.D. Ohio Nov. 20, 2012), Order at 2 (Dkt. No. 116) (staying discovery ordered by Magistrate Judge noting that the discovery compelled by the order was substantial) (attached hereto as Exhibit A); *In re Southeastern Milk Antitrust Litigation*, 2:08-md-01000 (E.D. Tenn. Aug. 6, 2009), Order at 1 (Dkt. No. 376) (staying the Magistrate Judge's order pending a ruling by the district judge on the defendants' objection to the order) (attached hereto as Exhibit B); *Patterson v. Heartland Industrial* 5:03-cv-1596, Order at 2 (Dkt. No. 102) (N.D. Ohio, November 25, 2005) (staying the Magistrate Judge's order pending review of the order) (attached hereto as Exhibit C).

since the requested discovery would not aid plaintiff in opposing the motion and was unrelated to the disposition of the case).

## **CONCLUSION**

Based on the foregoing, Gentiva respectfully requests that the Court stay the Magistrate Judge's Order pending this Court's review of Gentiva's Objection and Appeal.

Dated this 10th day of August 2015.

Respectfully submitted,

BASS, BERRY & SIMS PLC

/s/ Matthew M. Curley
Matthew M. Curley
Brian D. Roark
Lisa S. Rivera
150 Third Avenue South, Suite 2800
Nashville, TN 37201-3001
T: (615) 742-6200
F: (615) 742-2868
mcurley@bassberry.com
broark@bassberry.com
lrivera@bassberry.com

*Attorneys for Defendant*
*Gentiva Health Services, Inc.*

6

## CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of the foregoing Motion to be filed electronically on this 10th day of August 2015. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and below. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Elizabeth S. Tonkin
Robert C McConkey, III
Assistant United States Attorneys
UNITED STATES ATTORNEY'S OFFICE
FOR THE EASTERN DISTRICT OF TENNESSEE
800 Market Street, Suite 211
Knoxville, TN 37902

Courtney R. Baron
David J. Chizewer
Matthew K. Organ
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603

R. Louis Crossley, Jr.
LONG RAGSDALE & WATERS, P.C.
1111 Northshore Drive
Suite S-700
Knoxville, Tennessee 37919

                 /s/ Matthew M. Curley